E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: 213-894-5339
        Facsimile: 213-894-0142
        E-mail: shawn.nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>FNU LNU, aka "Manny," et al.,<br>  [ANTONIO DAVISON],<br><br>          Defendant. | No. 5:20-CR-00057-FMO-11<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ANTONIO DAVISON |

     1.   This constitutes the plea agreement between Antonio Davison
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case.
This agreement is limited to the USAO and cannot bind any other
federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authority.

                         DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to a lesser included

offense of count one of the indictment in <u>United States v. FNU LNU,</u>
<u>aka "Manny," et al.</u>, No. 5:20-CR-00057-FMO, which charges defendant
with conspiracy to distribute controlled substances in violation of
21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained
in this agreement.

      d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

      f.   Be truthful at all times with the United States
Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the
time of sentencing unless defendant has demonstrated a lack of
ability to pay such assessments.

THE USAO'S OBLIGATIONS

   3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained
in this agreement.

      c.   At the time of sentencing, move to dismiss any
remaining counts of the indictment as against defendant.  Defendant
agrees, however, that at the time of sentencing the Court may
consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 28 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), the following must be true:

First, within the dates specified in the indictment, there was an agreement between two or more persons to distribute methamphetamine and heroin, and

Second, defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose

<u>PENALTIES</u>

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846,

3

841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) includes a three-year period of supervised release, and a mandatory special assessment of $100.

7.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case

4

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Prior to September 27, 2018, there was an agreement between two or persons, as described in the Indictment, to distribute controlled substances, including methamphetamine and heroin.  On or about September 27, 2018, defendant joined in that agreement knowing of its purpose and intending to help accomplish that purpose.

In furtherance of that conspiracy, defendant undertook various overt acts within the Central District of California and elsewhere, including the following:

On or before September 27, 2018, defendant travelled to Claremont, California, to pick up methamphetamine and heroin.

On September 27, 2018, defendant met with a co-conspirator, as described in the indictment, in Claremont, California, within the Central District of California, and received approximately 2,609 grams of actual methamphetamine and approximately 1,010 grams of heroin.

Defendant then meant to give the methamphetamine and heroin to unindicted co-conspirators.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between any applicable mandatory minimum and the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 33 | U.S.S.G. § 2D1.1(a)(5), (c)(2) |
| Minor Role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

2      18.   Defendant agrees that, provided the Court imposes a total

3  term of imprisonment on all counts of conviction of no more than 60

4  months' imprisonment, defendant gives up the right to appeal all of

5  the following: (a) the procedures and calculations used to determine

6  and impose any portion of the sentence; (b) the term of imprisonment

7  imposed by the Court; (c) the fine imposed by the Court, provided it

8  is within the statutory maximum; (d) to the extent permitted by law,

9  the constitutionality or legality of defendant's sentence, provided

10 it is within the statutory maximum; (e) the term of probation or

11 supervised release imposed by the Court, provided it is within the

12 statutory maximum; and (f) any of the following conditions of

13 probation or supervised release imposed by the Court: the conditions

14 set forth in General Order 20-04 of this Court; the drug testing

15 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

16 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17      19.   The USAO agrees that, provided (a) all portions of the

18 sentence are at or above any applicable statutory minimum and at or

19 below the statutory maximum specified above and (b) the Court imposes

20 a term of imprisonment of no less than 120 months' imprisonment, the

21 USAO gives up its right to appeal any portion of the sentence.

22              <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23      20.   Defendant agrees that if, after entering a guilty plea

24 pursuant to this agreement, defendant seeks to withdraw and succeeds

25 in withdrawing defendant's guilty plea on any basis other than a

26 claim and finding that entry into this plea agreement was

27 involuntary, then (a) the USAO will be relieved of all of its

28 obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

1    such a breach to have occurred, then: (a) if defendant has previously

2    entered a guilty plea pursuant to this agreement, defendant will not

3    be able to withdraw the guilty plea, and (b) the USAO will be

4    relieved of all its obligations under this agreement.

5        24.  Following the Court's finding of a knowing breach of this

6    agreement by defendant, should the USAO choose to pursue any charge

7    that was either dismissed or not filed as a result of this agreement,

8    then:

9            a.  Defendant agrees that any applicable statute of

10   limitations is tolled between the date of defendant's signing of this

11   agreement and the filing commencing any such action.

12           b.  Defendant waives and gives up all defenses based on

13   the statute of limitations, any claim of pre-indictment delay, or any

14   speedy trial claim with respect to any such action, except to the

15   extent that such defenses existed as of the date of defendant's

16   signing this agreement.

17           c.  Defendant agrees that: (i) any statements made by

18   defendant, under oath, at the guilty plea hearing (if such a hearing

19   occurred prior to the breach); (ii) the agreed to factual basis

20   statement in this agreement; and (iii) any evidence derived from such

21   statements, shall be admissible against defendant in any such action

22   against defendant, and defendant waives and gives up any claim under

23   the United States Constitution, any statute, Rule 410 of the Federal

24   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

25   Procedure, or any other federal rule, that the statements or any

26   evidence derived from the statements should be suppressed or are

27   inadmissible.

28

1    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                        OFFICE NOT PARTIES

3        25.  Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the USAO's sentencing

6    recommendations or the parties' agreements to facts or sentencing

7    factors.

8        26.  Defendant understands that both defendant and the USAO are

9    free to: (a) supplement the facts by supplying relevant information

10   to the United States Probation and Pretrial Services Office and the

11   Court, (b) correct any and all factual misstatements relating to the

12   Court's Sentencing Guidelines calculations and determination of

13   sentence, and (c) argue on appeal and collateral review that the

14   Court's Sentencing Guidelines calculations and the sentence it

15   chooses to impose are not error, although each party agrees to

16   maintain its view that the calculations in paragraph 13 are

17   consistent with the facts of this case.  While this paragraph permits

18   both the USAO and defendant to submit full and complete factual

19   information to the United States Probation and Pretrial Services

20   Office and the Court, even if that factual information may be viewed

21   as inconsistent with the facts agreed to in this agreement, this

22   paragraph does not affect defendant's and the USAO's obligations not

23   to contest the facts agreed to in this agreement.

24       27.  Defendant understands that even if the Court ignores any

25   sentencing recommendation, finds facts or reaches conclusions

26   different from those agreed to, and/or imposes any sentence up to the

27   maximum established by statute, defendant cannot, for that reason,

28   withdraw defendant's guilty plea, and defendant will remain bound to

                                  12

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between any applicable statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA
E MARTIN ESTRADA
United States Attorney


_____                    3-27-23
SHAWN J. NELSON                                     Date
Assistant United States Attorney

_____                    3-24-23
ANTONIO DAVISON                                     Date
Defendant

_____                    3-24-23
JANET HONG                                          Date
Attorney for ANTONIO DAVISON

13

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          3-24-23
ANTONIO DAVISON                           Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Antonio Davison's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

14

1  provisions, and of the consequences of entering into this agreement.

2  To my knowledge: no promises, inducements, or representations of any

3  kind have been made to my client other than those contained in this

4  agreement; no one has threatened or forced my client in any way to

5  enter into this agreement; my client's decision to enter into this

6  agreement is an informed and voluntary one; and the factual basis set

7  forth in this agreement is sufficient to support my client's entry of

8  a guilty plea pursuant to this agreement.

9

                                                           3-24-23

10  JANET HONG                                    Date
    Attorney for ANTONIO DAVISON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              15